**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSIE FLORES, | No. 20-55817 |
| Petitioner-Appellant, | D.C. No. 5:17-cv-00434-VBF(MRW) |
| v. | |
| W.J. SULLIVAN, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted October 21, 2021**
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and SCHREIER***, District Judge.

Jessie Flores appeals the district court's denial of his petition for habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291, 2253, 2254, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Karen E. Schreier, District Judge for the District of South Dakota, sitting by designation.

1. The district court's order finding no deficiency (and thus no ineffective assistance of counsel) was neither contrary to nor an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1); *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

Counsel conducted a reasonable investigation and then made a reasonable decision that made further investigation unnecessary. *See Rompilla v. Beard*, 545 U.S. 374, 377 (2005). Given the mental state evidence that she already had, including the evidence of malingering and the testimony of two experts that Flores was sane at the time of the murder, counsel reasonably decided not to investigate further and not to pursue the insanity defense.

Counsel investigated Flores's mental state at the competency stage of his trial. Flores was examined by four experts, two of whom found that he was sane at the time of the murder. Flores points to cases in which counsel "failed to conduct any investigation at all," *see Seidel v. Merkle*, 146 F.3d 750, 755 (9th Cir. 1998); failed to seek any psychological evaluation, based only on speculation that it "might undermine his trial strategy," *see Weeden v. Johnson*, 854 F.3d 1063, 1066, 1070 (9th Cir. 2017) (internal quotation marks omitted); "did virtually nothing to obtain the services of [the defendant's] key witness," *see Bloom v. Calderon*, 132 F.3d 1267, 1271 (9th Cir. 1997); and failed to pursue a mental state defense at all, even though there was a "wealth of mental health and drug abuse evidence" that

2

went undiscovered, *Jennings v. Woodford*, 290 F.3d 1006, 1019 (9th Cir. 2002). These cases are not similar to Flores's case because Flores's counsel did investigate Flores's mental health, Flores was examined by four experts, and there was already considerable evidence of Flores's mental state.

2. The state trial court did not need to hold an evidentiary hearing because the record contained enough facts to adjudicate the petition. *See Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012) ("[W]e have never held that a state court must conduct an evidentiary hearing to resolve every disputed factual question . . .").

Flores cites *Nunes v. Mueller*, 350 F.3d 1045 (9th Cir. 2003), but that case itself stated that "there may be instances where the state court can determine without a hearing that a criminal defendant's allegations are entirely without credibility or that the allegations would not justify relief even if proved." *Id*. at 1045–55. There is no "evidentiary hearing requirement as a pre-requisite to AEDPA deference." *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004) (internal quotation marks omitted). Flores also cites *Earp v. Ornoski*, 431 F.3d 1158, 1176 (9th Cir. 2005), but in that case, counsel had completely failed to discover an entire kind of evidence; here, counsel had already discovered plenty of evidence about Flores's mental state, both helpful and harmful to Flores's insanity defense, and the record already contained enough facts to adjudicate the petition.

3. As to the other *Strickland* factor, prejudice, even assuming we reviewed prejudice de novo because the state court did not reach that factor, counsel's decision not to investigate further did not result in prejudice. One of the experts who found malingering also found that Flores had experienced mental health issues before, but that he was exaggerating his symptoms to feign mental illness. Contrary to Flores's arguments, more investigation would not have changed the finding of malingering, nor would it have changed the opinions of the two experts who said that he was sane at the time of the murder. Even if there had been more investigation, there is no reasonable chance that the outcome would have been different. *See Strickland*, 466 U.S. at 694.

**AFFIRMED.**